UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 16 2026

TAMMY H. DOWNS, CLERK
By: _Frank Moore_
DEP CLERK

ALEX JONES,

*Plaintiff, appearing pro se,*

CASE NO. 3:26-cv-00091-DPM

v.

MARION SCHOOL DISTRICT;

GLEN FENTER, individually

and in his official capacity as

Superintendent;

RACHAEL R. VAUGHN, J.D., individually

and in her official capacity as

HR Director and Attorney for the district;

CHUNEKA SCOTT, individually

and in her official capacity as

Principal; and

MANDI EDWARDS, individually

and in her official capacity as

This case assigned to District Judge **Marshall**
and to Magistrate Judge **Moore**

Director of K-12 Curriculum,

*Defendants.*

1

# COMPLAINT FOR DAMAGES, DECLARATORY RELIEF AND INJUNCTIVE RELIEF

## (42 U.S.C. § 1983; Title VII; Arkansas Whistleblower Protection Act; State Law)

## JURY TRIAL DEMANDED

Plaintiff Alex Jones, appearing pro se, brings this action against Marion School District and individual defendants for violations of his constitutional rights under the First Amendment, retaliation under Title VII of the Civil Rights Act of 1964, and supplemental state law claims. Plaintiff respectfully alleges as follows:

## I. NATURE OF ACTION

This is an action for First Amendment retaliation under 42 U.S.C. § 1983, retaliation under Title VII, and violations of the Arkansas Whistleblower Protection Act. Plaintiff reported federal Title III compliance violations involving ≈135 English Learner students, and Defendants retaliated through escalating discipline and suspension. Plaintiff seeks damages, declaratory relief, and injunctive relief.

## II. PARTIES

1. Plaintiff Alex Jones is a resident of Colt, Arkansas. At all times relevant to this Complaint, Plaintiff was employed by Marion School District as a STEM Lab Teacher at Marion Math, Science & Technology Magnet School.

2. Defendant Marion School District is a public school district subject to suit under 42 U.S.C. § 1983 and Title VII.

2

**3.** Defendant Dr. Glen F. Fenter is sued in his individual and official capacity as Superintendent of Marion School District. At all times relevant to this Complaint, Defendant Fenter was acting under color of state law.

**4.** Defendant Rachael R. Vaughn, J.D., is sued in her individual and official capacity as Human Resources Director and Attorney of Marion School District. At all times relevant to this Complaint, Defendant Vaughn was acting under color of state law.

**5.** Defendant Chuneka Scott is sued in her individual and official capacity as Principal of Marion Math, Science & Technology Magnet School. At all times relevant to this Complaint, Defendant Scott was acting under color of state law.

**6.** Defendant Mandi Edwards is sued in her individual and official capacity as Director of K-12 Curriculum of Marion School District. At all times relevant to this Complaint, Defendant Edwards was acting under color of state law.

**7.** Addresses for Service of Process

- Marion School District

  200 Manor Street

  Marion, Arkansas 72364

- Glen Fenter

  Marion School District

  200 Manor Street

  Marion, Arkansas 72364

3

- Rachael Vaughn

  Marion School District

  200 Manor Street

  Marion, Arkansas 72364


- Mandi Edwards

  Marion School District

  200 Manor Street

  Marion, Arkansas 72364


- Chuneka Scott

  Marion Math Science and Technology Magnet

  100 L H Polk Dr.

  Marion, Arkansas 72364

## III. JURISDICTION AND VENUE

**8.** This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under the Constitution and federal law, including 42 U.S.C. § 1983 and Title VII.

**9.** This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a).

**10.** Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in this District and Defendants reside here.

4

**11.** Plaintiff filed EEOC Charge No. 493-2026-00499 and received a Right-to-Sue letter on January 5, 2026. This action is timely under 42 U.S.C. § 2000e-5(f)(1).

## IV. FACTUAL ALLEGATIONS

### A. Plaintiff's Background and Employment

**12.** Plaintiff holds a Master of Education degree, Texas and Arkansas ESOL certification, Principal certification and Early Childhood through 6th grade certification.

**13.** Marion School District employed Plaintiff from July 1, 2024 to present.

**14.** Plaintiff had no disciplinary history in nearly twenty years in public education.

### B. Discovery of Federal Title III Violations

**15.** In October–November 2025, Plaintiff discovered that the District was providing inadequate services to approximately 135 English Learner students, employing only 1.5 ESOL FTEs.

**16.** Plaintiff also discovered that the District had unspent Title III funds and that Superintendent Fenter had signed federal assurances falsely certifying compliance.

### C. Plaintiff's Protected Speech and Activities

**17.** On November 10–11, 2025, Plaintiff submitted a Title III compliance proposal and raised concerns at a Personnel Policy Committee meeting attended by Defendant Vaughn.

**18.** On November 14, 2025, Plaintiff filed FOIA requests with the Arkansas Department of Education regarding Title III compliance.

**19.** Plaintiff's speech addressed matters of significant public concern, including federal compliance, misappropriation of Title III funds, and the failure to provide adequate educational services to English Learner students.

**19A.** On November 3, 2025, Plaintiff reported potential ATLAS test-security violations after multiple students disclosed that teachers had solicited or recorded secure test content. Plaintiff immediately documented the incident, collected a written student statement, and notified District Test Coordinator Dr. Latoya Beale.

**19B.** On November 6, 2025, Dr. Beale informed Plaintiff that she had consulted with the Arkansas Department of Education ("ADE") and that no further action was required. However, on November 19, 2025, ADE official JJ Walker clarified that while minor procedural issues may be handled internally, any conduct constituting "an ethics problem or breach of test issue" must be reported to ADE. The conduct Plaintiff reported fell within this category.

**19C.** Plaintiff memorialized his dissent in writing on November 19, 2025, documenting that he had fulfilled his mandatory reporting obligations under the Arkansas Code of Ethics for Educators and the Arkansas Whistle-Blower Act. On November 20, 2025, Defendant Vaughn confirmed that Plaintiff's entire email chain—including his whistleblower declaration—had been placed in his personnel file, establishing that District leadership had formal notice of Plaintiff's protected activity.

**19D.** Despite ADE's guidance, the District chose not to report the violations. This incident represents an additional protected disclosure made shortly before the retaliatory actions described below.

**D. Defendants' Systematic Retaliation**

6

**20.** Within four (4) days of Plaintiff's Title III proposal and three (3) days of the Personnel Policy Committee meeting, Defendants initiated a campaign of systematic retaliation designed to punish Plaintiff for his protected speech and to deter him from further reporting federal violations.

**21.** Between November 19, 2025 and January 5, 2026, Plaintiff received seven disciplinary actions in thirty-eight days, including two Letters of Reprimand and multiple warnings.

**22.** The December 18, 2025 Letter of Reprimand explicitly states: "Filing a grievance does NOT negate your obligation to follow directive," demonstrating retaliatory motive.

**23.** On January 3, 2026, Plaintiff submitted a Level Two Grievance challenging the December 18, 2025 Letter of Reprimand and alleging retaliation under District Policy 3.25. Policy 3.25 requires the supervising administrator to issue a written response within ten working days. Principal Chuneka Scott did not provide any response, and no Level Two meeting or written findings were issued. Instead, on January 5, 2026—while the grievance remained pending and less than one hour after Plaintiff received his EEOC Right-to-Sue letter—the District placed Plaintiff on paid suspension. Eleven days later, on January 16, 2026, the District attempted to retroactively deny the grievance through HR by asserting that reprimands are not grievable, despite Plaintiff's grievance alleging violations of multiple Board policies and retaliation under Policy 3.25. This late and procedurally improper denial, issued only after suspending Plaintiff and outside the required timeline, further demonstrates pretext and retaliatory motive. Plaintiff remains employed by the District but has been placed on paid administrative suspension since January 5, 2026.

**24.** On February 10, 2026, while Plaintiff remained on an extended suspension and had received no notice of any investigation, findings, or due-process meeting, the District issued Plaintiff the

7

standard 2026–2027 Letter of Intent through its Human Resources system, indicating that Plaintiff continued to be treated as an active employee and contradicting any assertion that disciplinary action or an investigation was pending.

25. The close temporal proximity between Plaintiff's protected activities—including the November disclosures, the December grievance filings, the January 3 Level Two Grievance, and the January 5 suspension issued less than one hour after Plaintiff received his EEOC Right-to-Sue letter—establishes a strong inference of retaliatory causation.

**E. Pattern of Institutional Retaliation**

26. Marion School District is currently defending a separate whistleblower retaliation lawsuit (Phillips v. Marion School District, 18CV-24-1081).

27. Both cases involve employees reporting federal compliance violations followed by coordinated disciplinary retaliation involving the same administrators.

28. The District repeated this pattern despite being on notice of its illegality, demonstrating a policy or custom under Monell.This pattern demonstrates a deliberate choice by the District to retaliate against employees who report federal compliance violations.

28A. The District's response to Plaintiff's ATLAS report mirrors the same pattern of concealment and retaliation present in the Phillips matter: an employee reports a compliance or ethics violation, the District minimizes or suppresses the report, and the reporting employee is subjected to escalating discipline. This repetition further supports the existence of a policy, custom, or practice of retaliating against employees who report violations of law.

28B. At the time of these events, the District was operating under an unresolved school board election, with a runoff scheduled for November 2026. This period of heightened scrutiny and administrative instability further contextualizes the District's efforts to suppress reports of non-compliance and avoid external review.

**F. Harm to Plaintiff**

29. As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer significant harm, including:

   a. Lost wages and benefits from suspension and anticipated termination;

   b. Loss of future earning capacity and career advancement opportunities;

   c. Severe emotional distress, anxiety, and mental anguish requiring medication;

   d. Damage to professional reputation and standing in the education community;

   e. Humiliation and indignity from public disciplinary actions;

   f. Loss of professional fulfillment and ability to serve students.

   g. As of March 13, 2026, Defendants failed to respond to Plaintiff's written settlement demand, which detailed the District's violations and offered an opportunity to resolve the matter without litigation. This continued refusal to engage in required processes or address Plaintiff's protected disclosures has prolonged Plaintiff's harm and further demonstrates Defendants' ongoing retaliatory posture.

## V. CLAIMS FOR RELIEF

### COUNT I

## 42 U.S.C. § 1983 – First Amendment Retaliation

## (Against All Defendants)

30. Plaintiff incorporates all prior paragraphs.

31. Plaintiff engaged in protected speech on matters of public concern, including misuse of federal funds and inadequate services for English Learner students.

32. Under the Pickering balancing test, Plaintiff's interest in speaking outweighed any legitimate governmental interest in restricting such speech (Pickering v. Board of Education, 391 U.S. 563 (1968)).

33. Defendants' actions were likely to deter a reasonable employee.

34. Plaintiff's protected speech was a substantial or motivating factor in Defendants' actions.

35. Defendants lacked any legitimate, non-retaliatory justification for their actions.

36. Individual Defendants are not entitled to qualified immunity. The District is liable under Monell due to its policy or custom of retaliation (Monell v. Department of Social Services, 436 U.S. 658 (1978)).

37. The District's repeated retaliation in both Plaintiff's case and the Phillips matter demonstrates a persistent, widespread pattern of unconstitutional conduct sufficient to constitute a policy or custom.

## COUNT II

## Title VII Retaliation (42 U.S.C. § 2000e-3(a))

10

**(Against Defendant Marion School District)**

**38.** Plaintiff incorporates all prior paragraphs.

**39.** Plaintiff engaged in protected activity by reporting violations of federal law, including the misallocation of Title III funds and failure to provide required services to English Learner students. Plaintiff made good-faith reports of waste, mismanagement, and violations of federal law to supervisors and to the U.S. Department of Education's Office for Civil Rights, which are protected disclosures under Ark. Code Ann. § 21-1-603.

**40.** Plaintiff's reports of federal Title III violations were made as a citizen on matters of public concern and were not part of his ordinary job duties.

**41.** Plaintiff's protected activity included reporting discrimination against English Learner students on the basis of national origin, which is protected under Title VII.

**42.** Plaintiff suffered materially adverse actions, including multiple disciplinary actions and suspension.

**43.** The adverse actions were causally connected to Plaintiff's protected activity, as demonstrated by temporal proximity and written admissions.

**44.** The District's stated reasons for discipline were pretextual.

**45.** The plaintiff engaged in protected activity, suffered an adverse action, and the two are causally linked.

**46.** Plaintiff has exhausted all administrative remedies required under Title VII.

## COUNT III

**Violation of Arkansas Whistleblower Protection Act**

**Ark. Code Ann. § 21-1-601 et seq.**

**(Against Defendant Marion School District)**

47. Plaintiff incorporates all prior paragraphs.

48. Plaintiff reported violations of federal law to administrators and the Office for Civil Rights (OCR).

49. The District retaliated by issuing multiple disciplinary actions and suspending Plaintiff.

50. The District acted willfully despite prior notice from the Phillips litigation.

**COUNT IV**

**Intentional Infliction of Emotional Distress**

**(Against All Defendants)**

51. Plaintiff incorporates all prior paragraphs.

52. Defendants' conduct—including issuing seven disciplinary actions in thirty-eight days and timing discipline immediately before major holidays—was willful, malicious, and deliberate.

53. Defendants acted intentionally or recklessly, causing Plaintiff severe emotional distress.

54. As a direct result of Defendants' actions, Plaintiff has been unable to work since January 5, 2026, resulting in ongoing economic harm, reputational damage, and emotional distress.

**VI. PRAYER FOR RELIEF**

Wherefore, Plaintiff Alex Jones respectfully requests that this Court enter judgment in his favor and against Defendants, and award the following relief:

**A.** Compensatory damages for emotional distress, lost wages, and future earnings;

**B.** Punitive damages against individual defendants for willful and malicious conduct;

**C.** Declaratory relief that Defendants violated Plaintiff's First Amendment and statutory rights;

**D.** Injunctive relief barring further retaliation and expunging all disciplinary actions;

**E.** Front pay.

**F.** Attorney's fees and costs (if Plaintiff obtains counsel);

**G.** Comply with federal Title III requirements and implement appropriate procedures to ensure that English Learner students receive required services;

**H.** Comply with ATLAS test-security reporting obligations and implement procedures to ensure that ethics violations are reported to the Arkansas Department of Education as required by law;

**I.** Follow District Policy 3.25 and all grievance procedures in good faith, including timely written responses and required meetings;

**J.** Provide training to administrators and supervisors on First Amendment protections, Title VII retaliation, and the Arkansas Whistle-Blower Act;

**K.** Such other relief as the Court deems just and proper.

13

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right under the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38.

Respectfully submitted,

Alex Jones, Pro Se
891 County Road 744
Colt, AR 72326
Telephone: (857) 289-2068

14