**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**ALEX JONES** **PLAINTIFF**

**v.** **No. 3:26-cv-91-DPM**

**MARION SCHOOL DISTRICT; GLEN FENTER, Superintendent, Individually and in his official capacity; RACHAEL R. VAUGHN, J.D., HR director and attorney for the district, Individually and in her official capacity; CHUNEKA SCOTT, Principal, Individually and in her official capacity; MANDI EDWARDS, Director of K-12 curriculum, Individually and in her official capacity; and CHARLES DODSON, Assistant Principal, Individually and in her official capacity** **DEFENDANTS**

# ORDER

Alex Jones taught a STEM lab at Marion Math, Science, & Technology Magnet School. At a school administration meeting, Jones voiced concerns about the district's compliance with federal and state education law. He says he was reprimanded and placed on paid leave in retaliation for expressing concerns. In due course, his teaching contract wasn't renewed. He has sued Marion School District and several administrators in their official and individual capacities. The defendants move to dismiss some of his claims. The Court

Jones's complaint liberally, accepting his pleaded facts as true and drawing all reasonable inferences in his favor. *Cook v. George's, Inc.*, 952 F.3d 935, 938 (8th Cir. 2020).

*

Jones hasn't stated a plausible First Amendment retaliation claim against Human Resources Director Vaughn, Curriculum Director Edwards, or Assistant Principal Dodson. None of these administrators took an adverse employment action against him. *Thomas v. Marshall Public Schools*, 152 F.4th 884, 889 (8th Cir. 2025). Their presence at the administration meeting isn't an adverse action. Neither are the emails they sent Jones, or those they were copied on.

The district doesn't dispute the plausibility of the claim against Superintendent Fenter. Jones's claim against Principal Scott is plausible, too. Scott twice reprimanded Jones in writing after the district meeting. A reprimand can be an adverse employment action if it is used "as a basis for changing the terms or conditions of the employee's job for the worse." *Charleston v. McCarthy*, 926 F.3d 982, 990 (8th Cir. 2019). Jones pleads that the reprimands led to nonrenewal of his teaching contract. That's sufficient.

Jones hasn't stated a plausible outrage claim. He hasn't pleaded facts showing that any of the school administrators' conduct was extreme beyond all possible bounds of decency. *Faulkner v. Arkansas Children's Hospital*, 347 Ark. 941, 957–58, 69 S.W.3d 393, 403–04 (2002).

The challenged conduct doesn't match or exceed more egregious behavior that Arkansas courts have found insufficient. *Compare, e.g., Smith v. American Greetings Corp.*, 304 Ark. 596, 602, 804 S.W.2d 683, 686 (1991) (no outrage claim where shift leader hit employee after a dispute and employee was later fired); *Sterling v. Upjohn Healthcare Service, Inc.*, 299 Ark. 278, 279–80, 772 S.W.2d 329, 330 (1989) (no outrage claim where employer accused employee of being drunk and lying on his job application). And Jones hasn't shown how the defendants' behavior caused him emotional distress so severe that no reasonable person could be expected to endure it. *Faulkner*, 347 Ark. at 957, 69 S.W.3d at 403–04.

*

The parties also have discovery disputes.

First, the dismissal of Vaughn, Edwards, and Dodson partially addresses most of the dispute about the many requests for admission. As to Scott, the Court does see an overbreadth problem: Jones made 139 requests for admission to Scott. That's too many. The Court therefore sets a reasonable limit on the number of requests to Scott: Fifty. Fed. R. Civ. P. 26(b)(2)(A). Jones must propound his trimmed requests to Scott.

Second, the parties haven't proposed an agreed Protective Order. Pursuant to Fed. R. Civ. P. 26(c), and for good cause, the Court will enter its own Protective Order with its preferred language on

confidential designation, redaction, disputes, dissemination, and expiration of the Order.

Third, Jones has made several requests for documents through the Arkansas Freedom of Information Act—seven since filing this case. *Doc. 37 at 2–3.** The Act broadly requires disclosure of public records. Ark. Code Ann. § 25-19-102. It does, though, exempt documents protected by court order. Ark. Code Ann. § 25-19-105(b)(8). "A trial court has the inherent authority to protect the integrity of the court in actions pending before it and may issue appropriate protective orders that would provide FOIA exemption under Section 25-19-105(b)(8)." *City of Fayetteville v. Edmark*, 304 Ark. 179, 191, 801 S.W.2d 275, 281 (1990). This Court has done so before—with directions. *See, e.g., McMillan v. Live Nation Entertainment*, Case No. 4:11-cv-332-JM (E.D. Ark. 24 May 2011); *Fatemi v. White*, Case No. 4:11-cv-458-DPM (E.D. Ark. 27 March 2014); *Frazier v. City of Pine Bluff, Arkansas*, Case No. 5:16-cv-135-BSM (E.D. Ark. 5 August 2016). A complete bar on Jones's use of the Act is unreasonable. To protect the integrity of the Court's discovery procedure, the Court sets the following rules:

- Jones must notify counsel for the defendants when he makes a Freedom of Information Act request to obtain information

---

* The Court received a letter from defense counsel (copied to Jones) on this issue. The Court will file it with the Clerk. The Court discourages future letters directly to chambers. Please file everything on the docket.

from any of the defendants, including any employee or representative of the school district;

- in all Freedom of Information Acts requests made to any defendant, Jones must state that he is agreeable to a thirty-day period for responding to the request; and

- the defendants' communications with counsel about this case are privileged.

*

Discovery dispute, *Doc. 40*, addressed. Motion for Protective Order, *Doc. 37*, granted as modified. A Protective Order will issue. The motion for partial dismissal, *Doc. 23*, is mostly granted and partly denied. Jones's First Amendment retaliation claims against Vaughn, Edwards, and Dodson are dismissed without prejudice. His outrage claim is dismissed without prejudice against all defendants.

So Ordered.

DPMarshall Jr.

D.P. Marshall Jr.
United States District Judge

25 August 2026