**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**ALEX JONES** **PLAINTIFFS**

**v.** **No. 3:26-cv-91-DPM**

**MARION SCHOOL DISTRICT;
GLEN FENTER, Superintendent,
Individually and in his official capacity;
and CHUNEKA SCOTT, Principal,
Individually and in her official capacity** **DEFENDANTS**

# PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), here is the Protective Order:

**1.** For purposes of this Order, "Confidential" information shall mean any documents, including electronically stored information, tangible things, or deposition testimony that is designated by any party with a CONFIDENTIAL watermark and the following legend:

> CONFIDENTIAL. This document is subject to a Protective Order entered by the United States District Court, Eastern District of Arkansas, No. 3:26-cv-91-DPM.

**2.** Any party may designate any document, material, other thing, or portions thereof as "Confidential." The party disclosing "Confidential" information shall mark the information at the time of

disclosure. Any confidentiality designations will be made in good faith.

**3.** No material that would have to be disclosed under the Arkansas Freedom of Information Act will be designated or considered confidential. If the material could be produced under the Arkansas Freedom of Information Act in a redacted format, it will not be confidential to the extent it could be so produced.

**4.** Counsel must confer in good faith in person before bringing any dispute arising under this Protective Order to the Court. A party or any other person objecting shall provide written notice of the dispute to the appropriate party or parties, specifying the materials that are the subject of the dispute. Within thirty days after this objection, the parties and any other objecting person(s) shall confer in good faith, and in person, to resolve the dispute. If the parties reach an impasse, they must file a joint report explaining the disagreement. The parties will file this paper under the CM/ECF event called "Joint Report of Discovery Dispute." The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. The joint report must be filed sufficiently before the discovery cutoff so that the dispute can be resolved without undermining pretrial deadlines. The parties will alert the law clerk on the case to the joint report's filing. The parties will not proceed on the disputed issue until the Court issues

a ruling or schedules a hearing. Failure to follow these procedures shall act as a waiver of rights a party may have regarding a "Confidential" designation.

**5.** All "Confidential" information shall be used only for the purposes of this case, including trial and preparation for trial, shall not be used for any other purpose, including other litigation (except as allowed by applicable rules of evidence), and shall not be disclosed to any person or governmental agency or otherwise made public except in compliance with the terms of this Order.

"Confidential" information may be disclosed by the receiving party only to:

**a.** the Court and Court employees;

**b.** The parties' experts or consultants; and

**c.** Such other persons as the Court may direct or by written agreement between the parties.

Before disclosing "Confidential" information (other than to the Court), the receiving party shall insure that the intended recipient of such disclosure has: (1) been provided a copy of this Order; and (2) executed a confidentiality agreement attached hereto as Exhibit A. Any person receiving "Confidential" information are bound by the provisions of this Order and may not disclose any "Confidential" information obtained during litigation.

**6.** The parties must remove any "Confidential" marks or designations from documents used as evidence at trial. Notwithstanding removal for this limited purpose, these documents will still be considered "Confidential" information. The parties shall not otherwise remove the confidential watermark from any material designated as "Confidential" or in any way alter such information. Any removal or alteration is a violation of this Order.

**7.** Designation of a document as confidential does not, standing alone, justify filing the document under seal. Instead the parties must comply with Fed. R. Civ. P. 5.2's mandate for redaction. If redaction is impracticable, a party must move for permission to file any information designated as confidential and any related motion, brief, or paper containing that material under seal. The moving party must justify sealing with specifics and solid reasons including an explanation about why redaction cannot be done.

**8.** If a receiving party makes a copy of any "Confidential" information, each copy shall have the watermark and protective legend described in paragraph 1.

**9.** No item shall be deemed "Confidential" if it has been made public by the producing party, is generally known throughout the trade and public, or come to be known to the receiving party through means

not constituting breach of any proprietary or confidential relationship or obligation or breach of this Order.

**10.** No later than three years after the conclusion of this litigation, the parties shall destroy all confidential information, including, correspondence, memoranda, notes or any other documents embodying such information.

**11.** This Order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue but shall be solely a matter of contract between the parties.

**12.** This Order is entered solely for the purpose of facilitating the exchange of documents between the parties without Court involvement. It does not alter existing confidentiality obligations of any party.

So Ordered.

D.P. Marshall Jr.
United States District Judge

25 August 2026

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**ALEX JONES** **PLAINTIFF**

**v.** **No. 3:25-cv-91-DPM**

**MARION SCHOOL DISTRICT;**
**GLEN FENTER, Superintendent,**
**Individually and in his official capacity;**
**and CHUNEKA SCOTT, Principal,**
**Individually and in her official capacity** **DEFENDANTS**

**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

I, ______________________________, hereby agree to maintain the confidentiality of any and all documents, electronically stored information, tangible things, or deposition testimony provided to me that are designated with the following legend:

> CONFIDENTIAL. This document is subject to a Protective Order entered by the United States District Court, Eastern District of Arkansas, No. 3:26-cv-91-DPM.

I understand that I am prohibited from copying, disclosing, or otherwise using "Confidential" information in any manner with respect to any person other than counsel in the above-captioned matter. I understand that I am prohibited from allowing any person other than counsel of record in this matter to see any "Confidential" information

produced to me. I also understand that my execution of this Agreement to Maintain Confidentiality is a prerequisite to my review of any "Confidential" information. In addition, I understand that I am required to return all "Confidential" information to counsel within seven days after I am notified that this action has been concluded as defined by the Protective Order of Confidentiality.

I also hereby agree to be subject to the jurisdiction of the United States District Court, Eastern District of Arkansas for appropriate proceedings in the event of any violation or alleged violation of this Order.

Dated this _____day of __________________, 202__.

_____________________________________